United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Maritza Molina, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 22-21480-Civ-Scola |
| Kilolo Kijakazi, Acting | ) |
| Commissioner of Social Security, | ) |
| Defendant. | ) |

## Order Adopting Magistrate Judge's Report and Recommendations

This matter was referred to United States Magistrate Judge Jonathan Goodman for a ruling on all pre-trial, non-dispositive matters, and for a report and recommendations on any dispositive matters. Judge Goodman issued a report, recommending that the Court deny the Plaintiff Maritza Molina's motion for summary judgment (ECF No. 18), grant the Defendant Kiolo Kijakazi, Acting Commissioner of the Social Security Administration's ("Commissioner") motion for summary judgment (ECF No. 22), and enter final judgment in favor of the Commissioner. (Rep. & Rec., ECF No. 23.) Molina filed objections (ECF No. 24), to which the Commissioner did not respond. After reviewing the filings, the applicable law, and the record, the Court adopts Judge Goodman's report and recommendations (ECF No. 23), denies Molina's motion for summary judgment (ECF No. 18), and grants the Commissioner's motion for summary judgment (ECF No. 22).

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir.1989)) (cleaned up). The objections must also present "supporting legal authority." L. R. 4(b). Once a district court receives "objections meeting the specificity requirement set out above," it must "make a de novo determination of those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." *Macort*, 208 F. App'x at 783-84 (quoting *Heath*, 863 F.2d at 822) (cleaned up). To the extent a party fails to object to parts of the magistrate judge's report, those portions may be reviewed for clear error. *Macort*, 208 F. App'x at 784.

Molina essentially presents two objections to Judge Goodman's recommendations. First, Molina asserts that Judge Goodman's report incorrectly construed her argument that the administrative law judge's ("ALJ") decision was internally inconsistent in its assessment of Molina's limitations in interacting with others. (Obj. 2–4, ECF No. 24.) Second, Molina argues that the report fails to grasp why this inconsistency undermines the ALJ's conclusion that Molina is capable of frequent interaction with others and, ultimately, why it undermines the soundness of the ALJ's determination that Molina can perform a significant number of jobs. (*Id.* at 5–7, 9–11.) The Court therefore reviews those two portions of Judge Goodman's report and recommendations de novo, and the remainder of the report and recommendations for clear error. *Macort*, 208 F. App'x at 783-84. Regardless of the standard the Court must apply, the Court finds the entirety of Judge Goodman's analysis to be cogent, compelling, and correct.

To begin, contrary to Molina's first objection, Judge Goodman's report reflects a comprehensive understanding of the inconsistency arguments raised in her motion for summary judgment. Molina objects that the report seems to misconstrue her argument as being that the ALJ's "paragraph B" severity ratings assessment *was the same as* an RFC finding, while, in fact, her point is that the two determinations must be *consistent.* (Obj. 1–2, ECF No. 24.) However, Judge Goodman correctly summarizes Molina's argument as follows:

> Plaintiff raises only one argument in her summary judgment motion. [ECF No. 18]. She argues that the ALJ's decision is internally inconsistent as to the "paragraph B" criteria assessment, concluding in one section that Plaintiff had "mild" limitations in the domain of "interacting with others," but then elsewhere noting that Plaintiff had "moderate" limitations within the same domain and finding the opinions of state agency psychologists (who themselves concluded Plaintiff had "moderate" limitations in "interacting with others") were "consistent with the evidence." *Id.*

(Rep. & Rec. 5–6, ECF No. 23.) The fact that Judge Goodman then went on to conclude that there was no actual inconsistency in the two, separate determinations does not mean that he misconstrued Molina's arguments. In fact, the report goes on to conduct an extensive analysis of why the ALJ's "paragraph B" determination could fairly use different terms from her ultimate RFC finding, explaining, for example that the determinations "involve two separate types of analysis." (*Id.* at 9–10.)

In addition, as to Molina's second objection, Judge Goodman's report then goes on to explain why, even if the ALJ's findings inadvertently adopted inconsistent language, her ultimate decision would still stand. As Judge Goodman explained, regardless of the ALJ's language choice, she "definitively

states that [Molina] can frequently interact with supervisors, coworkers, and the public," which "is, at bottom, the fundamental point [Molina] argues." (*Id.* at 11 (cleaned up).) Molina's ultimate purpose in highlighting the purported ambiguity in the ALJ's findings is to question the soundness of her conclusion that Molina remains capable of performing a significant number of jobs. (*See, e.g.*, Pl.'s Summ. J. Mot. 8, ECF No. 18 (arguing that, if the ALJ indeed confused the terms used, her ultimate "finding insufficiently accounts for the more restrictive 'moderate' limitation the ALJ concluded Molina has as part of her RFC rationale").)  But, as Judge Goodman thoroughly explains, the ALJ's statement pertaining to Molina's RFC limitations is unequivocal, her findings are all consistent, and, perhaps most importantly, her final decision is supported by substantial evidence. (Rep. & Rec. 11–13, 16–17, ECF No. 23.) Thus, the report more than adequately addressed why, even if real, Molina's alleged inconsistency would not undermine the ALJ's conclusion that Molina is capable of frequent interaction with others.

In short, the Court finds Judge Goodman's report and recommendations well-reasoned and thorough. The Court has carefully reviewed Molina's objections and concludes they are without merit. In sum, the ALJ's decision was supported by substantial evidence and applied the proper legal standards.

The Court, therefore, **affirms and adopts** the report and recommendations (ECF No. 23), **overruling** Molina's objections (**ECF No. 24**), thus **granting** the Commissioner's motion for summary judgment (ECF No. 22), and **denying** Molina's motion for summary judgment (ECF No. 18). Finally, the Court directs the Clerk to **close** this case. All pending motions are **denied as moot**.

**Done and ordered** in Miami, Florida, on September 13, 2023.

Robert N. Scola, Jr.
United States District Judge