United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Maritza Molina, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 22-21480-Civ-Scola |
| Kilolo Kijakazi, Acting | ) |
| Commissioner of Social Security, | ) |
| Defendant. | ) |

**Order Adopting in Part Magistrate Judge's Report and Recommendations**

This matter comes before the Court on the Plaintiff Maritza Molina's ("Molina") motion for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"). (Mot., ECF No. 32.) Defendant Kilolo Kijakazi[1], Commissioner of the Social Security Administration ("Commissioner"), does not oppose the Plaintiff's motion. Molina challenged the denial of her social security benefits, and the Court subsequently entered an order remanding this case to the Commissioner to conduct further administrative proceedings. (ECF No. 31.) Accordingly, as the prevailing party, Molina seeks $12,650.98 in attorneys' fees and $907.00 in costs. (ECF No. 32.)

The case was referred to United States Magistrate Judge Jonathan Goodman for a ruling on all pre-trial, nondispositive matters and for a report and recommendation on any dispositive matters. (ECF No. 2, 8.) On July 31, 2024, Judge Goodman issued a report, recommending the Court grant in part the Plaintiff's motion and award Plaintiff $10,740.62 in attorneys' fees and $907.00 in costs, "contingent upon a determination by Defendant that Plaintiff owes no qualifying preexisting debt(s) to the Government." (Rep. & Rec. at 9, ECF No. 33.) Specifically, Judge Goodman recommended the Court reduce Plaintiff's attorneys' fees by twenty percent due to impermissible block billing. (*Id.* at 6-8.) The Plaintiff filed objections, challenging Judge Goodman's determination that the entries constitute block billing and challenging the twenty percent reduction. (ECF No. 34.)

A district court judge must conduct a de novo review of only "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636. Where no objections are made, a

---

[1] Plaintiff's suit was filed against Kilolo Kijakazi, the Acting Commissioner at the time of filing. Martin J. O'Malley was sworn in as Commissioner of the Social Security Administration on December 20, 2023. Pursuant to Federal Rule of Civil Procedure 25(d), Martin J. O'Malley should be substituted for Kilolo Kijakazi as the suit's Defendant.

report may be adopted in full without conducting a de novo review, provided no plain error exists. *See id.*; *Menendez v. Naples Cmty. Hosp. Inc.*, No. 2:20-CV-898-SPC-MRM, 2021 U.S. Dist. LEXIS 215317, 2021 WL 5178496, at *1 (M.D. Fla. Nov. 8, 2021) (collecting cases).

The Court disagrees with Molina that the entries identified by Judge Goodman are not impermissible block billing. Block billing occurs "when an attorney lists all the day's tasks on a case in a single entry, without separately identifying the time spent on each task." *Ceres Env't Servs., Inc. v. Colonel McCrary Trucking, LLC*, 476 F. App'x 198, 203 (11th Cir. 2012). The five entries Judge Goodman identified as block billing certainly qualify. For example, the entry dated October 22, 2022, contains the following description: "Drafting of Plaintiff's Motion for Summary Judgment and Memorandum of Law, including review and notes of 1,767-page transcript, as well as research performed." (ECF No. 33 at 6); (ECF No. 32 at 6.) The entry does not identify the time spent reviewing the transcript, the time spent researching, or the time spent drafting the motion. The entries from October 23, 2022, October 24, 2022, January 24, 2024, and January 25, 2024, similarly fail to separate out the time spent on each individual task. (*See* ECF No. 33 at 6.)

Molina argues, however, that the appeal of a claim for social security benefits should be treated differently than other cases:

> Review of the transcript and note-taking effectively occur simultaneously while in the process of drafting plaintiffs' motions for summary judgment and related briefing. Not only would it be overly burdensome to start and stop a timer every time counsel switched between reading the transcript and taking notes on the transcript, but such an approach is incredibly inefficient and effectively impossible to adopt without adding to the time it would take to perform these activities. Notes on the transcript are then gradually incorporated and built into the drafting of the motion for summary judgment and related briefing. Research is also effectively performed simultaneously, pulling from prior briefing on similar issues to incorporate into the drafting the motion for summary judgment and related briefing, which also serves to bolster efficiency.

(ECF No. 34 at 5.) The inherent connection between reviewing, researching, and drafting exists not just in social security appeals, but in every type of case. That does not relieve timekeepers of their burden of "establishing entitlement to an award and documenting the appropriate hours expended and hourly rates" and "maintain[ing] billing time records in a manner that will enable a reviewing

court to identify distinct claims." *Ceres Env't Servs.*, 476 F. App'x at 203-04 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)).

Nevertheless, the Court agrees with Molina that, even if the entries constitute impermissible block billing, a twenty-percent reduction is excessive. (*See* ECF No. 34.) The block billing in this matter is far less egregious than other cases where courts imposed a ten to twenty-percent reduction. For example, when an attorney used incredibly vague language in billing entries, such as "working with [John Doe]" and "continuing work on case", the court determined a ten-percent reduction suffices. *Ceres Env't Servs.*, 476 F. App'x at 203-04. Similarly, when attorneys grouped entirely unrelated tasks together in single entries, courts have imposed a twenty-percent reduction. *Lil' Joe Wein Music, Inc. v. Jackson*, No. 06-20079-CIV, 2008 WL 2688117, at *12 (S.D. Fla. July 1, 2008) (Huck, J.) (imposing a twenty-percent reduction when attorneys repeatedly billed eight or more unrelated tasks into one entry[2]); *Hiscox Dedicated Corp. Member, Ltd. v. Matrix Grp. Ltd., Inc.*, No. 8:09-CV-2465-T-33AEP, 2012 WL 2226441, at *5 (M.D. Fla. June 15, 2012) (imposing a twenty-percent reduction when "not a single page exists without a block billed entry among the hundreds of pages of timesheets").

Here, the problematic time entries are not as vague as "working with [John Doe]" and "continuing work on case". *See Ceres Env't Servs.*, 476 F. App'x at 203-04. Nor do they group entirely unrelated tasks in one entry. *See Lil' Joe Wein Music*, 2008 WL 2688117, at *12; *Hiscox Dedicated Corp. Member*, 2012 WL 2226441, at *5. Instead, they incorporate reviewing, researching and writing for the same filing into one entry. (ECF No. 33 at 6); (ECF No. 32 at 6.) Although the Court is unable to decipher how much time the lawyer spent researching, how much time the lawyer spent reviewing the transcript, and how much time the lawyer spent drafting, such tasks do possess an inherent connection. Therefore, while the five entries identified by Judge Goodman do constitute impermissible block billing (*see* ECF No. 33 at 6), a five-percent reduction across the board suffices to offset the harm of block billing.

The Court thus **adopts in part** Judge Goodman's report and recommendations (**ECF No. 33**), and **grants in part** the Plaintiff's unopposed

---

[2] For example, one entry included all the following tasks: "reviewing and revising motion in limine re McBowman; emails to attorney Stetson regarding same; conference with attorney Stetson regarding same; meeting with Wunderlich and attorney Frackman regarding expert report; review and analyze same; emails to Geller, Miller and attorney Stetson regarding same; email to Wolfe regarding same; review and analyze supplemental opposition to summary judgment motion; emails to Geller, Miller, and attorneys Frackman, Stetson, Frank and paralegal regarding same; draft reply; legal research regarding same; conferences with attorney Frackman regarding same." *Lil' Joe Wein Music*, 2008 WL 2688117, at *12.

motion for attorneys' fees and costs. (**ECF No. 32**.) The Court awards Plaintiff $12,018.43 in attorneys' fees[3] and $907.00 in costs, contingent upon a determination by Defendant that Plaintiff owes no qualifying preexisting debt(s) to the Government. Finally, the Court directs the Clerk to **close** this case. All pending motions are **denied as moot**.

**Done and ordered** in Miami, Florida, on October 15, 2024.

Robert N. Scola, Jr.
United States District Judge

---

[3] $12,650.98 x .05 = $632.55. $12,650.98 - $632.55 = $12,018.43.